| | |
|---|---|
| SHAWN AND NATALIE KLINGFORTH,<br><br>        Plaintiffs,<br>vs.<br><br>SPECIALIZED LOAN SERVICING LLC.,<br><br>        Defendant. | Case No. 17-cv-170 |

## COMPLAINT

NOW COMES, Plaintiffs Shawn and Natalie Klingforth, by and through their attorneys, DeLadurantey Law Office, LLC, and complains of Defendant Specialized Loan Servicing, LLC, and alleges to the best of their knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

#### Nature of the Action

1. This lawsuit arises from illegal collection attempts of the Defendant.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and and Wis. Stat. § 995.50.

#### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d), as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

5. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

6. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the claims arising under Wis. Stat. § 995.50, because the state law claim is related to the FDCPA and FCRA claims as it arises under the same set of facts. Thus it is part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the Defendant resides. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

**Parties**

8. Plaintiff Shawn Klingforth (hereinafter "Mr. Klingforth") is a natural person who resides in the County of Iowa, State of Wisconsin.

9. Plaintiff Natalie Klingforth (hereinafter "Mrs. Klingforth") is a natural person who resides in the County of Iowa, State of Wisconsin.

10. The property at issue is located in Vilas County, State of Wisconsin.

11. Defendant Specialized Loan Servicing, LLC (hereinafter "Defendant SLS") is a foreign business with a principal office of 8742 Lucent Blvd Ste. 300, Highlands Ranch, CO 80129, and a registered agent of Capitol Corporate Services Inc., 301 S. Bedford St., Ste. 1, Madison, WI 53703.

12. Defendant SLS is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

13. In their actions with Plaintiffs, Defendant SLS was attempting to collect a debt from Plaintiffs.

## Factual Allegations

14. Mr. and Mrs. Klingforth once lived in a property located in Eagle River, Wisconsin. That property was secured by a mortgage.

15. There came a time when they could no longer make the monthly payments on their home, and they made their last payment in or around September 2009.

16. On or about January 22, 2010, the lienholder filed a foreclosure action in Vilas County, claiming a principle balance due of $94,339.08.

17. Mr. and Mrs. Klingforth moved from the home in or around July, 2010.

18. Mr. Klingforth was in the military, and they were stationed in multiple places including Twenty-Nine Palms, California and Okinawa, Japan. Additionally, Mr. Klingforth was stationed in Afghanistan.

19. While a default judgment was granted in the foreclosure action, the foreclosure was never finalized.

20. After six years past from the date of the last payment, Mr. and Mrs. Klingforth no longer owed anything on the note that was associated with the mortgage against the house.

21. Mr. and Mrs. Klingforth received a letter from Defendant SLS dated September 23, 2016, which claimed an amount of $69,932.68 was due. The payment due date was listed as October 1, 2016.

22. The letter dated September 23, 2016 also stated, "As required by law, we may provide information to credit bureaus about an insolvency, delinquency, late payment or default on your account and this may be included on your credit report."

23. This letter dated September 23, 2016 was an attempt to collect a debt.

24. Mr. and Mrs. Klingforth received a letter from Defendant SLS dated September 29, 2016, in which Defendant SLS was claiming that the mortgage account was delinquent. The letter encouraged the Klingforths to call Defendant SLS "to discuss possible loss mitigation options."

25. This letter dated September 29, 2016 was an attempt to collect a debt.

26. On October 4, 2016, Defendant SLS obtained a copy of Mr. Klingforth's credit file from Trans Union.

27. Mr. and Mrs. Klingforth sent a letter to Defendant SLS dated October 25, 2016. This letter was received by Defendant SLS on October 31, 2016. In that letter, Mr. and Mrs. Klingforth requested validation of the debt. The letter requested that Defendant SLS explain why the statute of limitations had not past and why Defendant SLS still thought they could collect.

28. Mr. and Mrs. Klingforth received a letter from Defendant SLS dated November 18, 2016, which claimed that the total amount due was $72,136.04. The payment due date was listed as December 1, 2016.

29. The letter dated November 18, 2016 also stated, "As required by law, we may provide information to credit bureaus about an insolvency, delinquency, late payment or default on your account and this may be included on your credit report."

30. This letter dated November 18, 2016 was an attempt to collect a debt.

31. Mr. and Mrs. Klingforth received a letter from Defendant SLS dated December 19, 2016, which claimed an amount of $67,563.25 was due. The payment due date was listed as January 1, 2017.

32. The letter dated December 19, 2016 also stated, "As required by law, we may provide information to credit bureaus about an insolvency, delinquency, late payment or default on your account and this may be included on your credit report."

33. This letter dated December 19, 2016 was an attempt to collect a debt.

34. Mr. and Mrs. Klingforth received a letter from Defendant SLS dated January 18, 2017, which claimed an amount of $68,509.75 was due. The payment due date was listed as February 1, 2017.

35. The letter dated January 18, 2017 also stated, "As required by law, we may provide information to credit bureaus about an insolvency, delinquency, late payment or default on your account and this may be included on your credit report."

36. This letter dated January 18, 2017 was an attempt to collect a debt.

37. Mr. and Mrs. Klingforth also received collection calls from Defendant SLS.

**Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)**

38. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Mr. and Mrs. Klingforth are consumer as defined by 15 U.S.C. §1692a(3).

40. The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), with respect to Plaintiff.

41. Specifically, under 15 U.S.C. § 1692e(2), Defendant SLS falsely represented that there was a balance due and owing on a debt that was past the statute of limitations in Wisconsin.

42. Specifically, under 15 U.S.C. § 1692e(8), Defendant SLS was threating to report the loan in a delinquent status to the Klingforth's credit file, even though they did not owe anything on the debt.

43. Plaintiffs have suffered actual damages as a result of the illegal collection activity in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

44. Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## Count 2 – Violations of the Fair Credit Reporting Act

45. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant SLS violated 15 U.S.C. § 1681b(f) by failing to have a permissible purpose as defined by 15 U.S.C. § 1681(b)(a) when it obtained a copies of Mr. Klingforth's credit report.

47. As a result of Defendant SLS's impermissible request of the credit report, the Plaintiffs have suffered emotional distress constituting actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1).

48. Because Defendant SLS's action of pulling the reports was done when there was no debt owed, the action was willful, entitling Plaintiffs to statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

49. Mr. and Mrs. Klingforth are also entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

### Count 3 – Invasion of Privacy

50. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Mr. Klingforth has a right of privacy in Wisconsin as recognized in Wis. Stat. § 995.50.

52. Defendant SLS invaded the private credit records of Mr. Klingforth by obtaining multiple copies of his credit report.

53. Defendant SLS's conduct unreasonably invaded Mr. Klingforth's right to privacy and caused him damages including emotional distress.

54. Mr. and Mrs. Klingforth are entitled to equitable relief to prevent and restrain further invasion, compensatory damages, and a reasonable amount of attorney's fees pursuant to Wis. Stat. § 995.50.

### Trial by Jury

55. Mr. and Mrs. Klingforth are entitled to, and hereby respectfully demand a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Mr. and Mrs. Klingforth pray that judgment be entered against Defendant SLS for:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);
D. Declaratory judgment declaring that there is no amount owed on the note;
E. Statutory and punitive damages in an amount to be determined at trial 15 U.S.C. § 1681n(a);

7

Case 1:17-cv-00170-WCG   Filed 02/06/17   Page 7 of 10   Document 1

F. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1);
G. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
H. Equitable relief to prevent and restrain further invasion, compensatory damages, and reasonable attorney's fees pursuant to Wis. Stat. § 995.50; and
I. Other and further relief as may be just and proper.

Dated this 6th day of February, 2017.

DeLadurantey Law Office, LLC

s/ Heidi N. Miller
Nathan E. DeLadurantey
Heidi N. Miller
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 – Fax
Nathan@dela-law.com
Heidi@dela-law.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Natalie Klingforth, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

*Natalie Klingforth*
Natalie Klingforth

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Shawn Klingforth, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

*[signature]*
Shawn Klingforth