UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN KLINGFORTH and
NATALIE KLINGFORTH,

          Plaintiffs,

    v.                                  Case No. 17-C-170

SPECIALIZED LOAN SERVICING, LLC,

          Defendant.

## DECISION AND ORDER

Plaintiffs Shawn and Natalie Klingforth initiated this action against Defendant Specialized Loan Servicing, LLC for violations of the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA), and certain state laws. On August 29, 2017, Plaintiffs filed a motion to strike a number of Defendant's affirmative defenses. Defendant filed a motion for judgment on the pleadings on September 13, 2017. On October 3, 2017, Plaintiffs filed a motion for leave to file a sur-reply in opposition to Defendant's motion. The motions are now fully briefed and ready for disposition. For the following reasons, Plaintiffs' motion to strike will be denied, and Defendants' motion for partial judgment on the pleadings as well as Plaintiffs' motion for leave to file a sur-reply will be granted.

## I. Motion to Strike

Plaintiffs have filed a motion to strike 11 affirmative defenses asserted by Defendant. They argue that these defenses are not proper affirmative defenses or are simply conclusory statements that fail to give Plaintiffs fair notice of the grounds upon which they are based. Rule 12(f) of the

Federal Rules of Civil Procedure provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are strongly disfavored and are rarely granted. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Courts generally deny motions to strike where affirmative defenses and counterclaims are adequately pled and provide the moving party with sufficient notice of the claim. *See id.*

Plaintiffs have not explained why the parties and the court should undertake a searching examination of certain affirmative defenses in Defendant's pleading at this stage in the litigation, when those defenses will very likely never have any impact in the case. As this court previously noted in *Illinois Tool Works Inc. v. ESAB Group, Inc.*,

> Plaintiffs often forget that they are in the driver's seat: they have been marshaling their facts and legal theories for months, while the defendant is given only a limited period of time in which it must respond to the complaint's allegations. Thus . . . "many defendants commonly plead every conceivable defense to a given action because, at the origin of a case, they might not have a firm grasp on the subject matter and would rather be over-inclusive than risk waiver of a potentially valid defense. By the time of summary judgment or trial, however, many of the defenses originally pled simply fall away, even without a formal withdrawal being made."

No. 16-C-201, 2016 WL 8224331, at *1 (E.D. Wis. Sept. 13, 2016) (quoting *Marine Travelift Inc. v. ASCOM SpA*, No. 14-C-443, 2015 WL 461549, at *3 (E.D. Wis. Feb. 3, 2015)). Moreover, Plaintiffs have not identified any actual prejudice they could expect to sustain if the court allows these affirmative defenses to remain in Defendant's pleading. Plaintiffs assert they have not yet received fair notice of the grounds upon which each affirmative defense is based. But Plaintiffs have received notice of the defenses asserted; they are just uncertain if all of Defendant's affirmative defenses are bona fide or if they are simple *pro forma* recitations in the answer to the amended

complaint. The discovery deadline in this case is February 2, 2018, and Plaintiffs can rest assured knowing that the parties have ample time to exchange discovery requests and responses to determine whether each affirmative defense is in fact a bona fide defense. If Defendant's affirmative defenses do ultimately fail, Plaintiffs may file a dispositive motion, at which time the court will adjudicate the dispute. The simple delay required for information gathering, however, is not reason enough to require that the court embark on the largely academic exercise of editing a defendant's pleadings. Therefore, Plaintiffs' motion to strike is denied.

## II. Motion for Judgment on the Pleadings

Defendant filed a motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. It seeks dismissal of "Counts 2 and 3 and most of Count 1" of Plaintiffs' First Amended Complaint. Def.'s Br. at 1, ECF No. 32. It is unclear, however, which specific claims in Count 1 Defendant seeks judgment for. As best the court can tell, Defendant seeks dismissal of Plaintiffs' claims regarding 15 U.S.C. §§ 1692e(2) and 1692e(8) of the FDCPA. Rather than respond to the merits of the motion, Plaintiffs filed a Notice of Withdrawal of Certain Claims, voluntarily withdrawing their FDCPA claims as they relate to the statute of limitations (in Count 1), their FCRA claims (Count 2), and their state law invasion of privacy claims (Count 3) pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. ECF Nos. 38, 41-1. Plaintiffs assert that the voluntarily withdrawal of these claims moots Defendant's motion. ECF No. 39.

However, Rule 41(a) is not the appropriate method for dismissing some, but not all, of the claims in a complaint. *See Taylor v. Brown*, 787 F.3d 851, 857–58 (7th Cir. 2015). Rule 41 allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party files a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). The Seventh

Circuit has recognized that Rule 41 "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001). Instead, a party must file a motion to amend her complaint in accordance with Rule 15(a). *Taylor*, 787 F.3d at 858. Therefore, the court must reject Plaintiffs' notice of withdrawal and turns to the merits of Defendant's motion for partial judgment on the pleadings.

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to seek judgment on the pleadings after the pleadings have been closed. *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A court must review a Rule 12(c) motion under the same standard employed when reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Id.* (citing *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007)). Here, Plaintiffs have failed to substantively respond to Defendant's motion and, as a result, they have waived their right to contest it. *See Lekas v. Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005) (holding that where plaintiff "did not present legal arguments or cite relevant authority to substantiate [his] claim in responding to defendants' motion to dismiss," his "claim has been waived"). Accordingly, Defendant's motion for judgment on the pleadings is granted. Plaintiffs' claims alleged in Count 1 pursuant to 15 U.S.C. §§ 1692e(2) and 1692e(8) as well as Counts 2 and 3 are dismissed with prejudice.

## III. Conclusion

Based upon the foregoing, Plaintiffs' motion to strike (ECF No. 28) is **DENIED** and Plaintiffs' motion for leave to file a sur-reply (ECF No. 41) is **GRANTED**. Defendant's motion for partial judgment on the pleadings (ECF No. 31) is **GRANTED**. Plaintiffs' claims alleged in Count

1 pursuant to 15 U.S.C. §§ 1692e(2) and 1692e(8) as well as Counts 2 and 3 are **DISMISSED WITH PREJUDICE**.

Dated this __6th__ day of November, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court